IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SYLVESTER WILLIAMS                                                                  PLAINTIFF

v.                              Civil No. 06-4005

MARK LEWIS                                                                          DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Sylvester Williams brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed in forma pauperis (IFP) and it is now determined whether it should be served upon the defendants.

On July 24, 2006, the undersigned entered an order (Doc. 5) directing the plaintiff to sign and return an addendum to his complaint. The court received the addendum (Doc. 6) on July 26, 2006.

### I. Discussion

Williams contends Mark Lewis falsely arrested him on August 7, 1989, at a service station located at the intersection of Broad and Grant streets in Texarkana, Arkansas. *Addendum* (Doc. 6). at ¶ 1. Williams was charged with theft by receiving, first offense. *Id.*

Williams was found guilty and sentenced to an eight year term of imprisonment in the Arkansas Department of Correction. *Addendum* at ¶ 2. Williams states he served the time. *Id.*

Williams' claims are barred by the statute of limitations as they are based on events that occurred more than three years before the filing of this complaint. Section 1983 actions are characterized as personal injury claims for purposes of applying the appropriate state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985).

-1-

Arkansas' three-year personal injury statute applies to any § 1983 actions that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992). This case was filed on January 13, 2006. The alleged false arrest occurred on August 7, 1989, more than three years prior to the filing of the complaint.

Moreover, even if the claims were not barred by the statute of limitations, they would not be cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that would necessarily imply the invalidity of a conviction or sentence was not cognizable unless the conviction had been invalidated. Williams has made no showing that his conviction or sentence was rendered invalid. *See also, Anderson* v. *Franklin County, Missouri*, 192 F.3d 1125, 1131 (8th Cir. 1999). In fact, he indicates he was convicted and served his sentence.

## II. Conclusion

I therefore recommend dismissal of the case as it is barred by the statute of limitations. Moreover, the claim is not cognizable under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Williams has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Williams is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of August 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)