IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SYLVESTER WILLIAMS                                                                               PLAINTIFF

VS.                                         CIVIL NO. 06-4005

MARK LEWIS                                                                                       DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed August 1, 2006, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. 7). Plaintiff Sylvester Williams has timely filed his objections to the Report and Recommendation. (Doc. 8). After reviewing the record *de novo*, the Court adopts the Report and Recommendation as its own.

Williams brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Williams contends that Mark Lewis falsely arrested him on August 7, 1989 at a service station located at the intersection of Broad and Grant streets in Texarkana, Arkansas. (Doc. 6). Williams was charged with felony theft by receiving, first offense. (Doc. 1). The case was tried to a jury, and Williams was found guilty. Williams received and has since served an eight year term of imprisonment in the Arkansas Department of Correction. (Doc. 6).

For purposes of the statute of limitations, actions brought under § 1983 are treated as personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L.Ed.2d 254 (1985). In Arkansas, plaintiffs have three years to bring § 1983 that accrued in this state. *Searcy v. Donelson*, 204 F.3d 797, 799 (8th Cir. 2000); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82

(8th Cir. 1992); Ark. Code Ann. § 16-56-105. This case was filed on January 13, 2006. The arrest complained of occurred August 7, 1989, well beyond three years prior to the filing of this action. This action is thus barred by the statute of limitations.

Assuming, *arguendo*, the statute of limitations does not bar the claim, this action is still not cognizable under § 1983. Claims for damages under § 1983 for unconstitutional conviction or imprisonment require invalidation[1] of the conviction at issue. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994). Here, Williams makes no showing that his conviction and sentence have been rendered invalid. Instead, he indicates that he "served the time." (Doc. 6, pg. 2). As a result, Williams claim is not cognizable under § 1983, and is subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## CONCLUSION

Williams' Complaint is barred by the statute of limitations and not cognizable under § 1983 as a claim for damages. Accordingly, the Court finds the complaint should be and hereby is **dismissed**.

IT IS SO ORDERED, this 15th day of August, 2006.

        /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge

---

[1] A § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87.